UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GERALD J. FOX, | Case No.: 2:11-cv-00424-RLH-PAL |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Dismiss–#10) |
| SYSCO CORPORATION; SYSCO LAS VEGAS, INC.; ALAN SCOGGINS, individually; ERIC OCHOA, individually; DOES 1 through 300, inclusive; and ROE CORPORATIONS 1 through 300, inclusive, | |
| Defendants. | |

Before the Court is Defendants Sysco Corporation, Sysco Las Vegas, Inc., Alan Scoggins, and Eric Ochoa's **Motion to Dismiss** (#10, filed June 17, 2011) based on Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The Court has also considered Plaintiff Gerald Fox's Opposition (#13, filed June 27, 2011), and Defendants' Reply (#14, filed July 7, 2011).

**BACKGROUND**

Plaintiff Fox was hired by Defendant Sysco Las Vegas in 2003 as a delivery driver. In 2007, he was suspended without pay and eventually terminated for missing one day of work.

AO 72
(Rev. 8/82)

1

1   This case arises out of Fox's allegation that he was terminated because of his race. Fox asserts
2   various federal and state law claims: (1) Title VII race discrimination, (2) tortious discharge, (3)
3   intentional infliction of emotional distress, (4) respondeat superior, (5) negligent hiring, retention,
4   and supervision, (6) Title VII retaliation, and (6) unlawful employment practices under NRS
5   613.330. Defendants now ask the Court to dismiss Fox's claims for lack of subject matter
6   jurisdiction and for failure to state a claim. For the reasons discussed below, the Court grants
7   Defendant's motion in part and denies it in part.

8                                    **DISCUSSION**

9   **I.      Legal Standards**

10          **A.      12(b)(1) Standard**

11          A plaintiff's failure to exhaust administrative remedies before filing suit in federal
12  court divests the Court of subject matter jurisdiction. *EEOC v. Farmer Bros. Co.*, 31 F.3d 891,
13  899 (9th Cir. 1994). The jurisdictional scope of a Title VII action depends upon the scope of the
14  EEOC charge and investigation. *Id*. "However, where the jurisdictional issue and substantive
15  issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual
16  issues going to the merits, the jurisdiction determination should await a determination of the
17  relevant facts on either a motion going to the merits or at trial." *Augustine v. United States*, 704
18  F.2d 1074, 1077 (9th Cir. 1983).

19          **B.      12(b)(6) Standard**

20          A court may dismiss a plaintiff's complaint for "failure to state a claim upon which
21  relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short
22  and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.
23  8(a)(2). While Rule 8 does not require detailed factual allegations, it demands "more than labels
24  and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*,
25  129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual
26  allegations must be enough to rise above the speculative level." *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 555 (2007). Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.

**II.    Analysis**

    **A.    Defendant Sysco Corporation**

The Court finds that Fox has failed to state a valid claim against Sysco Corporation, Inc., under Rule 12(b)(6). Fox admits that he was employed in Las Vegas by Defendant Sysco Las Vegas, Inc., and that those who discriminated against him—Scoggins, Davies, and Ochoa—also worked at Sysco Las Vegas. He attempts to hold Sysco Corporation liable because, according to him, Sysco Corporation and Sysco Las Vegas, Inc., share the status of "single employer." The Court considers the following four factors to determine whether two or more distinct entities are considered a single employer: (1) interrelation of operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership or financial control. *Kang v. U. Lim America*, 296 F.3d 810, 815 (9th Cir. 2002). However, Fox fails to allege any facts in support

3

of any of these factors. Fox merely alleges that he, Scoggins, Davies, and Ochoa were all employed by "Defendants Sysco Corporation *and/or* Sysco Las Vegas, Inc.," (#1, Complaint, ¶ 2), that Sysco Las Vegas is a subsidiary of Sysco Corporation, (*id.*, at ¶ 14), and that both entities acted through its employees to discriminate against Fox. These allegations are not sufficient to permit the Court to reasonably infer that Sysco Corporation and Sysco Las Vegas, Inc., share the status of a single employer. Therefore, Fox's claims against Sysco Corporation are dismissed.

### B. Title VII Racial Discrimination

To state a valid claim for race discrimination under Title VII, Fox must allege (1) he belongs to a protected class, (2) he was performing according to Defendants' legitimate expectations, (3) he suffered an adverse employment action; and (4) other employees with qualifications similar to his own were treated more favorably. *Godwin v. Hunt-Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 1998). Fox's Title VII claim appears to be based on two separate acts of alleged discrimination. First, Fox alleges he was assigned to predominantly minority establishments or geographic areas. The Court finds that this allegation is sufficient under *Iqbal* and *Twombly* because he also alleges that this treatment was not directed to employees of other races in the same job description. (#1, Complaint, ¶¶ 35, 41). Second, Fox alleges he was terminated to allow Defendants' friends to fill his position. However, Fox has failed to allege that he was performing according the Sysco Las Vegas' legitimate expectations when he was terminated. To the contrary, Fox admits that his manager told him that he was being terminated because he didn't show up to work for his shift. Therefore, the Court finds that Fox has failed to state a valid claim with respect to his alleged discriminatory termination. Accordingly, Fox's first claim for relief—entitled "Title VII of the Civil Rights Act: Violations"—is limited to the alleged discriminatory assignment to predominantly minority establishments or geographic areas.

### C. Title VII Hostile Work Environment

To state a valid hostile work environment claim, Fox must allege (1) he was subjected to verbal or physical conduct based on his race, (2) the conduct was unwelcome, and (3)

4

AO 72
(Rev. 8/82)

1  the conduct was "sufficiently severe or pervasive to alter the conditions of his employment and
2  create an abusive working environment." *Galdamez v. Potter*, 415 F.3d 1015, 1023 (9th Cir.
3  1995). However, Fox fails to allege any facts in support of any of these elements. He merely
4  alleges that he "became a victim to a hostile work environment" because of Defendants' alleged
5  Title VII violations. This allegation is merely a legal conclusion which is not entitled to an
6  assumption of truth under *Iqbal* and *Twombly*. Therefore, the Court dismisses Fox's hostile work
7  environment claim.

        **D.    Title VII Retaliation**

9          To state a valid Title VII retaliation claim, Fox must allege (1) he acted to protect
10  his rights under Title VII, (2) an adverse employment action was taken against him, and (3) a
11  causal connection exists between those two events. *Steiner v. Showboat Operating Company*, 25
12  F.3d 1459, 1464 (9th Cir. 1994). Fox's retaliation claim is based on two alleged acts of retaliation.
13          First, Fox alleges that when he "reported the tortious actions taken against him" he
14  was terminated. Although Fox doesn't specify the nature of these "tortious actions," the Court can
15  reasonably assume that they included his discriminatory assignment to predominately minority
16  establishments or geographic areas. Therefore, Fox states a valid claim for retaliation under Rule
17  12(b)(6). However, this alleged retaliatory termination claim fails under Rule 12(b)(1) because
18  Fox did not exhaust his administrative remedies. Indeed, Fox's charge of discrimination mentions
19  nothing of Fox reporting tortious conduct to Sysco management or being terminated because he
20  reported tortious conduct. The charge only alleges that after he informed Sysco management that
21  he was in a long-term relationship with a white woman who also worked at Sysco Las Vegas he
22  was given less hours of work and eventually terminated. Further, Fox did not check the box
23  marked "Retaliation" on the charge, he only checked the box marked "Race." (#10, Motion to
24  Dismiss, Ex. A). Furthermore, the Court finds that Fox's retaliation claim is not reasonably
25  related to the race discrimination claims listed in Fox's charge, or that it could have been expected
26  ///

AO 72
(Rev. 8/82)

1  to grow out of his race discrimination claims. Accordingly, the Court dismisses Fox's retaliatory
2  termination claim.
3        Second, Fox also alleges that after he was terminated he "re-applied for
4  employment with the Sysco Defendants but was refused from the position based on his race and
5  color." This bare-bones allegation lacks sufficient factual support to state a plausible claim for
6  relief under *Iqbal* and *Twombly*. Accordingly, the Court dismisses Fox's Title VII retaliation
7  claim.
8        **E.**    **Title VII Claims Against Individual Defendants**
9        Fox asserted his Title VII claims against both the Sysco Defendants as well as the
10  individual Defendants—Alan Scoggins, John Davies,[1] and Eric Ochoa. However, "civil liability
11  for employment discrimination does not extend to individual agents of the employer who
12  committed the violations, even if the agent is a supervisory employee." *Pink v. Modoc Indian*
13  *Health Project*, 157 F.3d 1189, 1189 (9th Cir. 1998), *cert. den.*, 510 U.S. 1109 (1994). Therefore,
14  as only an employer may be liable under Title VII, *Miller v. Maxwell's Int'l.*, 991 F.2d 583, 587-88
15  (9th Cir. 1993), the Court dismisses Fox's Title VII and NRS 613.330[2] claims against Scoggins,
16  Davies, and Ochoa. Accordingly, Fox's only remaining Title VII claim is against Sysco Las
17  Vegas, Inc, for discriminatory assignment to predominantly minority establishments or geographic
18  areas.
19  ///
20  ///
21

---

[1] Defendants have informed the Court that Defendant John Davies is deceased. However, because the Court is not aware of whether Davies died before the commencement of this suit or afterwards, the Court is not sure whether the case should simply be dismissed as against Davies, *Banakus v. United Aircraft Corp.*, 290 F. Supp. 259 (D.C.N.Y. 1968), or whether Rule 25's substitution procedures apply, Fed. R. Civ. P. 25. In any event, the issue appears to be moot because the Court is dismissing all of Fox's individual claims.

[2] As discussed in Section F of this Order, Nevada law looks to federal discrimination cases for guidance in applying NRS 613.330(1)(a). Accordingly, as Title VII claims cannot be asserted against individuals, neither can claims under NRS 613.330(1)(a).

AO 72
(Rev. 8/82)

F.   **Nevada Equal Employment Opportunity Act, NRS 613.330**

Under NRS 613.330(1)(a), it is an unlawful employment practice to discriminate against any person because of his or her race or color. Because Nevada looks to federal discrimination cases for guidance in applying NRS 613.330(1)(a), *Hirshhorn v. Sizzler Restaurants International, Inc.*, 913 F. Supp. 1393, 1398 (D. Nev. 1993), Defendants argue that this claim should be dismissed to the same extent Fox's Title VII claims are dismissed. However, as the Court is allowing Fox's Title VII discriminatory assignment claim to proceed, the Court will also allow this claim to proceed on the same basis. The Court also finds that Fox has exhausted his administrative remedies with respect to this claim because the charge of discrimination is directed to both the EEOC and the Nevada Equal Rights Commission. This is sufficient evidence at this point for the Court to reasonably believe that the charge was filed with NERC as well.

G.   **Fox's State Tort Claims**

Fox asserts various state tort claims, including tortious discharge (second claim for relief), intentional infliction of emotional distress (third claim for relief), and negligent hiring, retention, and supervision (fifth claim for relief). However, under Nevada law tort claims must be brought within two years of the date the cause of action accrues. NRS 11.190(4)(e); *State Farm Mut. Auto. Ins. Co. v. Fitts,* 99 P.3d 1160, 1161 (Nev. 2004). Fox filed his complaint on March 21, 2011, but the alleged tortious conduct occurred in 2007 and before. Therefore, Fox's tort claims are barred by the Nevada statute of limitations. The Court finds that these claims were not tolled when Fox filed a charge with the EEOC in 2007 because the filing of a charge does not toll the statute of limitations. *Arnold v. United States*, 816 F.2d 1306, 1313 (9th Cir. 1987)*; Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 465-67 (1975). Therefore, the Court dismisses Fox's state law claims—his second, third, and fifth claims for relief.

H.   **Respondeat Superior**

Respondeat superior is a form of vicarious liability, not an independent cause of action. *Jordan v. Dep't of Motor Vehicles and Public Safety*, 110 P.3d 30, 51 (Nev. 2005);

7

*Restatement (Third) of Agency, § 2.01 Introductory Note.* Therefore, the Court dismisses Fox's fourth claim for relief.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#10) is GRANTED in part and DENIED in part. Fox's only remaining claims are (1) Title VII race discrimination against Sysco Las Vegas Inc., for discriminatory assignment to minority establishments and geographic areas, and (2) unlawful employment practices under NRS 613.330 against Sysco Las Vegas, Inc., on the same basis. All other claims and Defendants are dismissed.

Dated: November 21, 2011

_____
**ROGER L. HUNT**
**United States District Judge**